UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20283-CIV-MORENO

STEWART W. TOBIAS,

    Plaintiff,

vs.

GATOR PARK, INC.,
a Florida Profit Corporation,
*in personam*,,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (**D.E. No. 16**), filed on **July 2, 2012**. The Plaintiff brings a one count negligence action against the Defendant for injuries allegedly sustained while exiting an airboat in the Everglades. The Plaintiff moves for summary judgment on the grounds that no issues of material fact have been raised by the Defendant. The Defendant counters that whether Gator Park acted reasonably in providing a reasonable means of exiting the airboat and the cause of Mr. Tobias' injuries are both disputed material facts sufficient to defeat summary judgment. Because this Court agrees that issues of material fact exist for the fact finder, the Plaintiff's motion for summary judgment is DENIED.

## I. Factual Background

Plaintiff Stewart Tobias participated in a group airboat ride in the Everglades on March 24, 2010. At the time, the Plaintiff was eighty-three years old. The airboat was owned and operated by Defendant Gator Park, Inc. Following the completion of the tour the other tourists disembarked from

the boat. Mr. Tobias, however, had difficulty exiting the watercraft. He states in an affidavit that the airboat captain took his hand but then let it go, causing him to fall backward onto one of the seats. He sustained injuries to his right leg. Gator Park maintains that its employees are trained to offer assistance to passengers when exiting airboats as requested or needed. Furthermore, employees are trained not to pull passengers out of the boat, but rather to offer a steadying hand. Gator Park swears by affidavit that Mr. Tobias stood and turned to exit the airboat when he experienced pain in his right knee. Additionally, the Defendant disputes whether the operator of the airboat took Mr. Tobias' hand or attempted to pull him out of the airboat.

## II. Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). In sum, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

## III. Analysis

Plaintiff Stewart Tobias moves from summary judgment on his single count of negligence

against Defendant Gator Park. Mr. Tobias argues that because there is no record evidence contradicting his claim, summary judgment must be granted. In support of his contention, the Plaintiff highlights that Gator Park rests on the affidavit of its owner, Jon Weisberg, who was not personally present at the time of the incident that led to the Plaintiff's injuries and thus lacked personal knowledge of the events. *See Citizens Concerned About Our Children v. School Bd. of Broward County, Fla.*, 193 F.3d 1285, 1295 n. 11 (11th Cir.1999) ("Even on summary judgment, a court is not obligated to take as true testimony that is not based upon personal knowledge.")

The Plaintiff discounts the standard legal principle that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Indeed, the Eleventh Circuit has recently analyzed this principle and arrived at precisely this conclusion. *Strickland v. Norfolk Southern Ry. Co.*, ---F.3d ---, 2012 WL 3640999 (11th Cir. August 27, 2012). In *Strickland*, the plaintiff railroad worker brought negligence claims against his employer under the Federal Employers' Liability Act and the Federal Safety Appliance Act after he suffered severe shoulder injuries related to the use of a faulty handbrake. *Id.*, at *2. The worker was unable at the summary judgment stage to identify the particular rail car or the location of the faulty handbrake in his testimony. *Id.* The defendant employer argued that the plaintiff's deposition testimony alone was insufficient to create a material issue of fact to withstand summary judgment. *Id.*, at *7. The Eleventh Circuit held that "[w]hile some testimony may be subject to credibility determinations, such credibility determinations are for the fact finder." *Id.* (citing *Anderson*, 477 U.S. at 255). The court continues that "even in the absence of corroborative evidence, a [party's] own testimony may be

sufficient to withstand summary judgment. *Id.*

Here, Tobias seeks credibility determinations regarding the weight assigned to the Defendant's witness on how Tobias' injury occurred. But "[w]here a fact-finder is required to weigh a deponent's credibility, summary judgment is simply improper." *Strickland*, at *8. "Summary judgment ... does not permit, however, the court to make a final determination where such genuine issues of material fact exist." If accepted, there is no question that Gator Park's owner's testimony creates a dispute of material fact with Tobias' own statements. Furthermore, [i]n this circuit, whether a party was negligent constitutes a question of fact." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir.1989) (citing *Gassman v. United States*, 768 F.2d 1263, 1266 (11th Cir.1985) and *Hercules, Inc. v. Stevens Shipping Co.*, 765 F.2d 1069, 1073 (11th Cir. 1985)). Following the Eleventh Circuit, as this Court must, the facts must be decided by a jury.

### IV. Conclusion

For the reasons stated above, it is

**ADJUDGED** that the Plaintiff's Motion for Summary Judgment is DENIED. It is further

**ADJUDGED** that Defendant's Motion Requesting Court to Refrain from Ruling on Plaintiff's Motion for Summary Judgment is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of September, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record